```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
HANS ALEXANDER,                         :
                    Plaintiff,          :
                                        :      07 Civ. 2679 (DLC)
          -v-                           :
                                        :           ORDER
NEW YORK CITY, NEW YORK POLICE DEPT,    :
and POLICE OFFICER PALINKAS,            :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

An Order of August 21, 2007 required the plaintiff to explain by September 20 why he had not made timely service on the defendants. In a letter of August 28, the plaintiff explains that he is incarcerated, is receiving medical care for knee problems and is wheel-chair bound. He asks for assistance in making service and appointment of counsel, noting that the Civilian Complaint Review Board found that certain law enforcement officers broke his nose. On August 28, the Pro Se Office sent the plaintiff an amended summons and mailing package.

Accordingly, it is hereby

ORDERED that the plaintiff's time to serve defendants is extended to December 20, 2007.

IT IS FURTHER ORDERED that the request for appointment of counsel is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. In determining whether to grant an application for counsel, the Court must consider

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success. See Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). In addition, in reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately. Cooper, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel.

IT IS FURTHER ORDERED that the parties shall direct all correspondence relating to this case to the Pro Se Clerk's Office at 500 Pearl Street, Room 230, New York, NY 10007. A copy of this Court's Individual Practices in Civil Pro Se Cases

2

is enclosed. All parties are directed to consult these rules with respect to communications with chambers, requests for adjournments, and related matters.

IT IS FURTHER ORDERED that the plaintiff shall send written notice of any future changes of his address to the defendants and to the Pro Se Clerk's Office at the address above.

SO ORDERED.

Dated:   New York, New York
         September 12, 2007

                                DENISE COTE
                           United States District Judge

3

Copies Sent To:

Hans Alexander
(241-06-15866) North Infirmary Command 15-00 Hazen Street East Elmhurst, NY 11370
**PLEASE SEND COPIES IMMEDIATELY TO ALL COUNSEL**