```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
HANS ALEXANDER,                           :
                         Plaintiff,       :
                                          :     07 Civ. 2679 (DLC)
            -v-                           :
                                          :     ORDER
NEW YORK CITY, NEW YORK POLICE DEPT,      :
POLICE OFFICER PALINKAS,                  :
                         Defendants.      :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

   Plaintiff Hans Alexander has brought this pro se action seeking redress for the defendants' alleged violation of his rights. Plaintiff has submitted an application for appointment of counsel, dated September 1, 2007 and filed on September 11.

   In determining whether to grant an application for counsel, the Court must consider

   > the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success. See Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). In addition, in reviewing a request for appointment of counsel, the Court must

be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately. Cooper, 877 F.2d at 172.

A more fully developed record will be necessary before I can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's application is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

In his application for counsel, the plaintiff complained that he cannot afford to serve the summons and complaint. The plaintiff, who is proceeding in forma pauperis, is referred to the mailing packet that the Pro Se Office sent him on August 28 for instructions on how to request that the United States Marshal Service serve the summons and complaint at no cost to him.

SO ORDERED:

Dated:   New York, New York
         September 24, 2007

_____
DENISE COTE
United States District Judge

Copies Sent To:

Hans Alexander
(241-06-15866)
North Infirmary Command
15-00 Hazen Street East
Elmhurst, NY 11370

**PLEASE SEND COPIES IMMEDIATELY TO ALL COUNSEL**